# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SEAN MICHAEL RYAN,

    *Plaintiff,*             CASE NO: 2:17-cv-10562

*v.*            DISTRICT JUDGE GEORGE CARAM STEEH
               MAGISTRATE JUDGE PATRICIA T. MORRIS

CARSON CITY CORRECTIONAL
FACILITY, HOLMES, SPURLLING,
CAMPBELL, MARQUETTE BRANCH
PRISON, ROBERT NAPEL, FAULK,
JOHN DOE, CHIPPEWA
CORRECTIONAL FACILITY,
JEFFERY WOODS, PAQUETTE,
SAGINAW CORRECTIONAL FACILITY,
JOSH BUSKIRK, BARAGA CORRECTIONAL
FACILITY, THOMAS MACKIE, CHUNG OH,
IONIA CORRECTIONAL FACILITY,
WILLIAM SMITH, CATHLEEN
STTODARD, RICHARD GARLACH,
CZOP, BELLAMY CREEK CORRECTIONAL
FACILITY, JOSHUA BURSKIRK, GAIL BURKE,
EARNEST C. BROOKS CORRECTIONAL
FACILITY, D. SPITTERS, MD BADAWI
ABDELLATIF, CHARLES EGELER
CORRECTIONAL, MARK BOOMERSHINE,
KEITH PAPENDICK, WILLIAM BURGENDING,
ALL MEMBERS OF THE PAIN MANAGEMENT
COMMITTEE, MICHIGAN DEPARTMENT
OF CORRECTIONS, DANIAL HEYNS,
HEIDI WASHINGTON, STATE OF MICHIGAN,
DUANE WATERS HEALTH CENTER,
COROZIN HEALTHCARE, MEGAN OAKS,
SUSAN McCAULY, BETTY KEMP, KEVIN
CORNING, ANN MORIN, S. McCAULY,
SHELDON, JENIFER HATCHER, LAURA
MITER, JOAN ALFREY, JUDY CRISENBERY,
REBECA DELANO, ELIZABETH M. BERG,
ROBERT SARNIAK, CHRISTY JASTIFER,
DOOLITTLE, TRUDY DUQUETTE, CONNIE L.
CHICK, JOANN BUNTING, and JAMES LELAND,

    *Defendants.*
_____/

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
# PURSUANT TO THE PRISON LITIGATION REFORM ACT

## I.     RECOMMENDATION

**IT IS RECOMMENDED** that Defendant's Motion To Revoke Plaintiff's *In Forma Pauperis* Status and To Dismiss, (Doc. 83) be **GRANTED**, and that Plaintiff's *in forma pauperis* status be **REVOKED** because Plaintiff had three strikes under 28 U.S.C. § 1915(g) at the time he filed this lawsuit and has not properly alleged that he is under imminent danger of serious physical injury. **IT IS FURTHER RECOMMENDED** that Plaintiff be given 30 days to submit the entire filing fee or suffer dismissal without prejudice of his case.

## II.    REPORT

### A.     Factual and Procedural Background

Plaintiff Sean Ryan ("Plaintiff") is a prisoner incarcerated at the Carson City Correctional Facility ("DRF") in Carson City, Michigan, and filed a pro se complaint under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. on February 17, 2017. His allegations involve, relevantly, the mismanagement of his pain for various conditions across multiple prison facilities. On June 15, 2017, the Court dismissed sua sponte Plaintiff's civil conspiracy claims under § 1983 as against all three          Defendants, as well as his § 1983 claims against the State of Michigan, the MDOC, Carson City Correctional Facility, Marquette Branch Prison, Chippewa Correctional Facility, Saginaw Correctional Facility, Baraga

2

Correctional Facility, Ionia Correctional Facility, Bellamy Creek Correctional Facility, Earnest C. Brooks Correctional Facility, Charles Egeler Correctional Facility, and Duane Watters Health Center. (Doc. 15 at 5). On August 8, 2017, Plaintiff filed his Request for an Order for the MDOC To Authorize the Purchase of a Typewriter. (Doc. 59). He then filed a Motion To Stay Summary Judgment. (Doc. 60). Defendants Heidi Washington, Robert Napel, Willie Smith, Daniel Heyns, Thomas Mackie, and Sherman Campbell ("Defendants") also filed a Motion for Enlargement of Time in Which To File Responsive Pleading. (Doc. 61). I addressed each of these motions in a prior report and recommendation on August 23, 2017. (Doc. 62).

Thereafter, Plaintiff filed an Objection and Motion To Compel, (Doc. 81), a Request for Schedule and Deadlines, (Doc. 87), a Request for Appointment of Counsel, (Doc. 88), a Request To Expedite, (Doc. 89), and a Request for Extension of Discovery, (Doc. 90). I construe the latter four requests as separate Motions. Defendant likewise filed the instant Motion To Revoke Plaintiff's *In Forma Pauperis* Status and To Dismiss, (Doc. 83), and a Motion for Protective Order, (Doc. 84). I address each in turn.

### B. Three Strikes Law

The Prison Litigation Reform Act ("PLRA") was enacted on April 26, 1996. It contains the following paragraph, which is commonly known as the "three strikes" provision:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that

3

> was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If a prisoner's "complaint clearly satisfie[s] the provisions of § 1915(g) at the moment of filing, the district court ha[s] no authority to consider the merits of the complaint." *Mitchell v. Tennessee*, 86 F. App'x 898, 899 (6th Cir. 2004); *see also Peeples v. Bradshaw*, 110 F. App'x 590 (6th Cir. 2004) (same); *Wallace v. Franklin*, 66 F. App'x 546, 547 (6th Cir. 2003) (same). When determining whether a plaintiff has three prior cases that qualify as "strikes," the court must keep in mind that "[d]ismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). In addition, a case may still qualify as a "strike" even though it has been appealed and no decision on appeal has yet been rendered. *Coleman v. Tollefson*, 733 F.3d 175, 177-78 (6th Cir. 2013). If three strikes are found, the court must then deny plaintiff the privilege of proceeding without prepayment of fees and require full payment of the filing fee. *Wilson*, 148 F.3d at 602-04. Immediate dismissal without prejudice is appropriate because, according to § 1915(g), "the district court had no authority to consider the merits of the complaint" since the moment of filing. *Shabazz v. Campbell*, 12 F. App'x 329, 330 (6th Cir. 2001) (reasoning that the prisoner retains the option of refiling the action and paying the filing fee in full). The only exception to this rule emerges where the prisoner alleges an "immediate danger of serious physical

4

injury." 28 U.S.C. § 1915(g). Where a prisoner's case is found to fall under the three-strikes bar, immediate dismissal is appropriate.

### C. Discussion

Plaintiff has had more than three prior cases summarily dismissed for failure to state a claim upon which relief can be granted. (Doc. 1 at ID 13); *see Ryan v. Michigan Dep't of Corr.*, No. 15-cv-22 (W.D. Mich. Mar. 2, 2015) (dismissing Plaintiff's case under the PLRA's three-strikes provision); *Ryan v. Heyns*, No. 14-cv-574 (W.D. Mich. Jan. 5, 2015) (same); *Ryan v. State of Michigan*, No. 16-cv-54 (W.D. Mich. June 2, 2016) (dismissing Plaintiff's case for failure to state a claim). As such, he may only retain his IFP status if he properly alleges imminent danger. "In order to allege sufficiently imminent danger . . . the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

At the outset, I note that Plaintiff is incarcerated at DRF, but every defendant aside from Holmes, Spurlling, and Campbell (collectively, "the DRF defendants") works at a different facility. Plaintiff encountered them during his prior stays at other facilities, and joins them now to the same suit in which he attacks the DRF defendants. Claims against non-DRF defendants cannot establish imminent danger because these Defendants no longer pose whatever danger they posed in the past. *Accord Vandiver*, 727 F.3d at 585 ("'[T]he danger of serious physical injury must exist at the time the complaint is filed. . . .

5

Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception.'" (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008))).

With respect to the DRF defendants, Plaintiff includes the following allegations in his complaint:

> A) [H]e is denied adequate pain medications leaving him in severe uncontrolled pain.
> B) He is forced into a wheelchair thus his physical condition is [deteriorating.]
> C) He is unable to properly clean himself leading to more physical [deterioration].
> D) [His] [carpal] tunnel syndrome which is not being treated is leading [to permanent] nerve damage and [muscle] damage.
> E) His shoulder injuries since they aren't being treated are leading to [permanent] nerve and [muscle] damages.
> F) His spinal injuries which are not being treated are [leading] to [permanent] nerve[,] [muscle] and other damage.
> G) [D]efendants are [deliberately] subjecting plaintiff to pain levels of 6-7 out of 10 daily maliciously and [sadistically] to cause plaintiff further mental and physical harm.
> H) [P]laintiff is suffering severe emotional problems due to the above and[]all other claims leading to depression[,] suicide attempts and other unreasonable actions.

(Doc. 1 at ID 17). The above allegations include almost no detail as to the time and place of the danger, the nature of the pain, the actions of specific defendants, the origin of his medical conditions, or any number of other facts one expects in a properly pleaded complaint. In other words, they are conclusory. Although Plaintiff reiterates these allegations throughout his complaint, his additional references remain just as vague and devoid of needed detail. *E.g.*, (Doc. 1 at ID 21) ("[DRF] [i]s and was laibel [sic] for having and [sic] unconstitutional policy, practice, custom and/or procedure of providing

plaintiff and prisoners the bare minimum of medical care in ssuch [sic] a way as to cause unnecessary pain and suffering on plaintiff in violation of the 8th amendment and mich.cnost.arg.1§16 [sic]."); *see also Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) ("Allegations that are conclusory, ridiculous, or clearly baseless are . . . insufficient for purposes of the imminent-danger exception.").

In addition, Plaintiff does not deny having access to medical care; rather, he challenges the wisdom of his doctors' chosen courses of treatment. *E.g.* (Doc. 1 at ID 22) ("Holmes has provided grossly inadequate care and decided to take an easier but less efficacious treatment of prescribing [sic] tylonol [sic] and naproxyn [sic] knowing they are insufficient ot [sic] treat plaintiffs pain . . . ."); (*Id.* at ID 33) ("Spurlling has repeatedly delayed plaintiifs [sic] referal [sic] to orthopedist or neurosurgeon despite the knowledge that plaintiff has had 4 spinal surgeries and shoulder and wrist injuries and still has worsening pain and mobility issues that werent [sic] being adequately treated."); (*Id.* at ID 37) ("Campbell [h]as denied plaintiff and /or supported the denial of a wheel chair to plaintiff despite plaintiffs [sic] inabilityyto [sic] ambulate with out [sic] one and plaintiffs [sic] many falls and obvious injury.").

Such allegations—as many courts have found—are patently deficient and do not show imminent danger. *Accord, e.g.*, *Rittner v. Weidman*, No. 2:11-cv-0826, 2011 WL 4712008, at *3 (S.D. Ohio Oct. 6, 2011) ("Such allegations are insufficient to satisfy the imminent danger requirement of 28 U.S.C. 1915(g). Numerous other courts have reached the same conclusion in similar circumstances."); *Simpson v. Prison Health Servs., Inc.*,

No. 1:09-CV-698, 2010 WL 2010893, at *3 (W.D. Mich. Apr. 26, 2010), *report and recommendation adopted,* No. 1:09-CV-698, 2010 WL 2010887 (W.D. Mich. May 18, 2010) ("The essence of Plaintiff's complaint is simply that he disagrees with the medical treatment he has received. Such is insufficient to invoke the 'imminent danger of serious physical injury' exception."). For these reasons, Plaintiff has not adequately plead a risk of imminent danger.

Accordingly, **IT IS RECOMMENDED** that Defendant's Motion To Dismiss (Doc. 83) be **GRANTED**, that all other motions (Docs. 81, 84, 87, 88, 89, 90) be **DENIED AS MOOT**, that Plaintiff's IFP status be revoked, and that this case be **DISMISSED WITHOUT PREJUDICE**.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*,

931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  October 20, 2017                     S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge


### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Sean Michael Ryan #787263 at Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811.

Date: October 20, 2017                      By s/Kristen Castaneda
                                            Case Manager