UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,

    Plaintiff,

vs.

Case No. 17-CV-10562
HON. GEORGE CARAM STEEH

CARSON CITY CORRECTIONAL
FACILITY, et al.,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DOC. 93]

Plaintiff Sean Michael Ryan filed his pro se complaint under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), averring that his medical problems interfere with his life in prison and his access to prison services, and that defendants fail to properly accommodate these disabilities. Specifically, plaintiff alleges defendants mismanage his pain for various conditions across multiple prison facilities. The parties filed several motions that were referred to the magistrate judge for report and recommendation ("R&R"). Plaintiff's motions include: objection and motion to compel (Doc. 81); request for schedule and deadlines (Doc. 87); request for appointment of counsel (Doc. 88); request to expedite (Doc. 89); and

request for extension of discovery (Doc. 90). Defendants filed motions to revoke plaintiff's *in forma pauperis* status and to dismiss (Doc. 83) and for protective order (Doc. 84). For the reasons stated below, the court adopts the R&R, grants defendants' motion to revoke plaintiff's *in forma pauperis* status, dismisses plaintiff's complaint without prejudice, and denies the remaining motions as moot.

The Prison Litigation Reform Act ("PLRA") of 1996 contains a three strikes provision which prohibits a prisoner from bringing an action without prepaying the filing fee if the prisoner has more than three previous actions or appeals that were dismissed for being frivolous, malicious or for failure to state a claim. Where a prisoner's case falls under the three-strikes bar, immediate dismissal is appropriate. The only exception to this rule is where the prisoner alleges an "immediate danger of serious physical injury," also referred to as imminent danger. 28 U.S.C. § 1915(g).

The magistrate judge found that plaintiff has had more than three prior cases summarily dismissed for failure to state a claim upon which relief can be granted. (Doc. 93, Pg ID 1290). The magistrate judge also noted that plaintiff was incarcerated at Carson City Correctional Facility ("DRF") in Carson City, Michigan at the time his complaint was filed. Only three of the defendants, Holmes, Spurlling and Campbell, work at DRF,

while each of the other defendants works at a different facility where plaintiff was previously housed. Claims against non-DRF defendants cannot establish imminent danger because those defendants no longer pose whatever danger they posed in the past. "[T]he danger of serious physical injury must exist at the time the complaint is filed . . . Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (citation omitted).

The magistrate judge found that plaintiff's allegations against the DRF defendants were conclusory and lacked the detail required of a properly pleaded complaint. Ultimately, the magistrate judge concluded that plaintiff does not deny having access to medical care; rather, he challenges the wisdom of his doctors' chosen course of treatment. Plaintiff's allegations were found to be insufficient to invoke the imminent danger exception.

Plaintiff filed objections to the magistrate judge's report and recommendation and defendants filed a response to those objections. In addition, plaintiff filed a motion to amend his objections to the report and recommendation (doc. 132). The court grants plaintiff's motion to amend his objections and will consider both the amended objections as well as

defendants' response and plaintiff's reply.

Plaintiff's first objection is that the magistrate judge issued her R&R prior to receiving plaintiff's timely filed response. The court finds that the magistrate judge conducted a fair and thorough analysis of plaintiff's complaint and the applicable law, so any error committed by the magistrate judge in failing to consider plaintiff's response was harmless. In addition, to cure any possible prejudice to plaintiff, this court incorporates plaintiff's response brief in its review.

Plaintiff's second objection is that he need not prove his allegations of imminent danger at the pleading stage in order to survive defendants' motion to revoke *in forma pauperis* status. While this is true, plaintiffs must provide more than conclusory allegations in their complaints. *See Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012). In his complaint, plaintiff makes general allegations including that he is denied adequate pain medication, is not being treated for his carpal tunnel syndrome, shoulder injuries or spinal injuries, and that he suffers from severe emotional problems. These allegations include no details of the immediate danger plaintiff faces, such as the time and place of danger, nature of pain, or actions of specific defendants. Furthermore, none of the medical documents attached by plaintiff to his complaint suggest that he is

suffering from any condition that poses a serious threat to his health or a risk of death.

This objection is expanded upon in plaintiff's amended objections to provide additional information from a chronic care medical report. Plaintiff refers to the report to support his allegations of chronic pain with no treatment plan in place. However, the medical report shows that Dr. Holmes continued the treatment plan in place which includes plaintiff receiving 500 MG of Naproxin for pain. Dr. Holmes also ordered a mental health referral due to depression and a follow up visit on January 30, 2018. This is further evidence in support of the magistrate judge's conclusion that plaintiff disagrees with the treatment plan of his doctors, as opposed to evidence supporting plaintiff's allegation that he is in imminent risk of immediate danger.

Plaintiff's third objection is that he properly joined his claims against the non-DRF defendants. The magistrate judge was correct in only considering the allegations relating to the DRF defendants in regard to establishing that plaintiff was or was not in imminent danger. No error was made in severing the non-DRF defendants for the sole purpose of conducting this analysis.

Plaintiff's fourth objection asserts that the magistrate judge failed to

review all of his filings with regard to imminent danger. The court does not find that any of the supplemental filings in this case, including plaintiff's "Notice of Imminent Danger" (doc. 8) cure the pleading deficiencies found by the magistrate judge.

In his fifth, sixth and seventh objections, plaintiff states that he was aware of his burden to overcome the three strikes provision and to allege imminent danger. Plaintiff refers to his complaint and to his Notice of Imminent Danger as the documents that contain the allegations in support of the imminent danger he faces in custody. There is nothing new included in these three objections that provides a basis for rejecting the magistrate judge's recommendation.

In his eighth objection, plaintiff cites the cases of two MDOC inmates to support his contention that he has pled sufficient facts to demonstrate imminent danger. Plaintiff's allegations do not rise to the level of specificity or seriousness as those alleged by the plaintiffs in *Northington v. Abdellatif*, No. 16-CV-12931, 2017 WL 2240273 (E.D. Mich. Apr. 7, 2017) , *report and recommendation adopted*, 2017 WL 2225202 (E.D. Mich. May 22, 2017) or *Vandiver*, 727 F.3d at 583 (6th Cir. 2013). The allegations made by plaintiff are more akin to those made in *Ritter v. Weidman*, where the plaintiff was diagnosed with "cervical spine nerve damage,

degenerative cervical spinal disease, low back spinal degenerative disease, and severe chronic pain." No. 2:11-CV-0826, 2011 WL 4712008, *1 (S.D. Ohio Oct 6, 2011), *report and recommendation adopted*, 2012 WL 604275 (S.D. Ohio Feb. 24, 2012). The *Ritter* court concluded that disagreement with prison medical personnel's treatment plan is insufficient to establish imminent danger. *Id.* at *3.

The court finds that plaintiff's remaining objection (the second objection labeled "Objection #3"), that the magistrate judge improperly recommended that the court deny the other motions (docs. 81, 84, 87, 88, 89, and 90) as moot, does not have merit. Having found that plaintiff does not meet the imminent harm exception to the three strikes provision, plaintiff's IFP status is properly revoked and defendant's motion to dismiss is properly granted without prejudice. Therefore, the remaining pending motions are denied as moot. Now, therefore,

IT IS HEREBY ORDERED that plaintiff's objections to the report and recommendation are OVERRULED.

IT IS HEREBY FURTHER ORDERED that the magistrate judge's report and recommendation is ADOPTED as the order of the court.

IT IS HEREBY FURTHER ORDERED that plaintiff's *in forma pauperis* status is revoked and his complaint is dismissed without

prejudice. Plaintiff may refile his complaint upon prepaying the filing fee.

Dated: April 16, 2018

          s/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 16, 2018, by electronic and/or ordinary mail and also on Sean Michael Ryan #787263, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

s/Barbara Radke
Deputy Clerk